UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHON PEOPLES, individually, and on behalf of members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN REFINING RETAIL, LLC, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00480-JLT-CDB<br><br>ORDER DIRECTING CLERK OF THE COURT TO TERMINATE DEFENDANT 5245 WESTERN REFINING RETAIL, LLC AND UPDATE THE DOCKET ACCORDINGLY PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 22) |

On March 19, 2025, Plaintiff Johnathon Peoples ("Plaintiff") filed a class action complaint against Defendants Western Refining Retail, LLC ("Western Refining"), Speedway LLC and 5245 Western Refining Retail, LLC (collectively, "Defendants"), in the Kern County Superior Court. (Doc. 1 at 2). Western Refining filed an answer in the state court action; no other Defendant answered or appeared in the state court action. *Id*. at 3. On April 25, 2025, Western Refining removed the action to this Court. (Doc. 1).

Pending before the Court is Plaintiff's notice of voluntary dismissal without prejudice as to all claims (including his individual claims and putative class claims) against Defendant 5245 Western Refining Retail, LLC. (Doc. 22). Plaintiff's notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i) and Plaintiff is entitled to dismiss his individual

1 claims (at least) without court order. In a class action, however, court approval of dismissal may
2 be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides
3 that any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for*
4 *purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the
5 court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

6 In this case, Plaintiff seeks to dismiss all claims, including his individual claims and claims
7 of the putative class, only against Defendant 5245 Western Refining Retail, LLC, without
8 prejudice. (Doc. 22 at 2). No class has been certified in this action nor is there a class proposed to
9 be certified for purposes of settlement. (*See* Doc. 1). Because no class has been certified in this
10 case, and because any dismissal would not affect putative class members' possible claims, Rule
11 23(e) does not mandate either Court approval of Plaintiff's notice of voluntary dismissal of his
12 claims against Defendant 5245 Western Refining Retail, LLC or notice to putative class members.
13 *See Titus v. BlueChip Financial*, 786 Fed. App'x. 694, 695 (9th Cir. 2019) ("Because no class has
14 been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with
15 prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished)
16 (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498
17 F.3d 920, 924 (9th Cir. 2007)).

18 In light of Plaintiff's filing, the Court finds that Rule 23(e) does not require the Court's
19 approval of the dismissal without prejudice of Defendant 5245 Western Refining Retail, LLC.
20 Defendant 5245 Western Refining Retail, LLC, shall be terminated as a party in this case by
21 operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co.,*
22 *Inc.*, 193 F.3d 1074, 1077-78 (9th Cir. 1999); Fed. R. Civ. P. 41(a)(1)(A)(i).

23 Accordingly, the Clerk of the Court is HEREBY DIRECTED to terminate Defendant 5245
24 Western Refining Retail, LLC, and update the docket accordingly.

25 IT IS SO ORDERED.

26 Dated: **September 4, 2025**   _____
27 UNITED STATES MAGISTRATE JUDGE
28