# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNATHON PEOPLES, individually, and on behalf of members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN REFINING RETAIL, LLC, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00480-JLT-CDB<br><br>ORDER GRANTING DEFENDANT WESTERN REFINING RETAIL, LLC'S MOTION TO STAY<br><br>(Doc. 128)<br><br>**<u>120-DAY FILING DEADLINE</u>** |

     Pending before the Court is the motion of Defendant Western Refining Retail, LLC ("Defendant" or "Western Refining") to stay this action, filed on August 11, 2025. (Doc. 18). On August 25, 2025, Plaintiff Johnathon Peoples ("Plaintiff") filed an opposition to the motion (Doc. 21) and on September 4, 2025, Defendant replied (Doc. 24). Following review of the parties' filings made in connection with the motion, the Court deemed the motion suitable for disposition without hearing and oral argument. (Docs. 12, 19) (citing Local Rule 230(g)). For the reasons set forth herein, the Court will grant Defendant's motion to stay this action.

///

///

///

**I.     Relevant Background**

    **A.     Procedural History and the Instant Action**

On March 19, 2025, Plaintiff filed a class action complaint against Defendants Western Refining Retail, LLC, Speedway LLC ("Speedway") and 5245 Western Refining Retail, LLC[1] in the Kern County Superior Court. (Doc. 1 at 2). Western Refining filed an answer in the state court action; no other Defendant answered or appeared. *Id*. at 3. On April 25, 2025, Western Refining removed the action to this Court. (Doc. 1).

On July 21, 2025, Western Refining filed a notice of related cases in which counsel represented this case is related to seven other cases pending in state and federal court. (Doc. 10). On July 28, 2025, following a scheduling conference held before the undersigned, the Court ordered Defendant to file the pending motion to stay no later than August 11, 2025. (Doc. 12). On August 21, 2025, Speedway answered the complaint. (Doc. 20).

In the complaint, Plaintiff asserts claims pursuant to California Code of Civil Procedure section 382 on behalf of himself and a putative class of others similarly situated based on alleged violations of the California Labor Code, seeking to recover among other claims, unpaid wages, overtime wages, lawful meal periods, lawful rest periods, accurate wage statements, timely payment of wages, and failure to indemnify (reimburse). (Doc. 1 at 3-4, ¶ 10). The proposed class to be certified is defined as: "all current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of [Plaintiff's] Complaint to final [judgment] and who reside in California." *Id.* ¶ 11.

    **B.     *Gaston* Action**

Prior to the commencement of this action, on December 26, 2024, a plaintiff initiated a similar wage and hour class action against Defendant in the Superior Court for the County of Tehama; that action was removed by Defendant to the Sacramento Division of this Court on January 31, 2025. *See Gaston v. Western Refining Retail, LLC, et al*., No. 2:25-cv-0435-TLN-JDP

---

[1] On September 3, 2025, Plaintiff voluntarily dismissed Defendant 5245 Western Refining Retail, LLC from this action without prejudice. (Doc. 22).

("*Gaston*") (Doc. 1). The class action complaint in *Gaston* names as defendants Western Refining, Western Refining Southwest, Inc., Western Refining Company, LLC, and Western Refining Wholesale, LLC. *See id.* In the complaint, plaintiff John David Gaston seeks to represent a similar putative class of workers as Plaintiff here seeks to represent and asserts virtually identical wage and hour claims as are at issue in this action. *Id.* at 3-4, ¶ 10 ("Plaintiff's Complaint generally purports to bring his claims on behalf of himself and several classes based on alleged violations of the California Labor Code, seeking to recover among other claims, unpaid wages, including minimum wages; overtime wages; lawful meal and/or rest periods; accurate wage statements; timely payment of wages; and failure to indemnify (reimburse)."). Specifically, the proposed class sought to be certified in *Gaston* is defined as: "all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint through what the Complaint anticipates is a notice to the class." *Id.* ¶ 11; *see* (*Gaston*, Doc. 1-2 ¶ 27).

**II.     Governing Authority**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005); *accord CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A court may enter a stay "pending resolution of independent proceedings which bear upon the case … whether the separate proceedings are judicial, administrative, or arbitral in character," and granting the stay "does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)); *see Leyva*, 593 F.2d at 863 (a court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

In considering whether to grant a stay, this Court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity

3

which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc.*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55). In granting and lifting stays, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id.*; *see Lockyer*, 398 F.3d at 1112 ("[I]f there is even a fair possibility that the . . . stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity."); *United States v. Aerojet Rocketdyne Holdings, Inc.*, 381 F. Supp. 3d 1240, 1250 (E.D. Cal. May 8, 2019).

## III. Parties' Contentions

Defendant contends that its motion to stay should be granted because Plaintiff's putative class action claims here, premised on alleged violations of the California Labor Code, are "virtually duplicative of those presented in" *Gaston*, which "seeks to represent a class that includes Plaintiff and is likely to completely subsume the putative class action in the present action." (Doc. 18 at 7). Defendant contends that under the first-to-file rule or the Court's inherent discretionary stay power, the Court is permitted to stay the instant, later-filed action to avoid facing wasteful and duplicative litigation until final resolution of the *Gaston* putative class action. *Id.*

Plaintiff contends Defendant's motion to stay should be denied because Defendant cannot satisfy the requirements under the first-to-file rule as Defendant failed to demonstrate how the parties between the instant case and the *Gatson* case or the putative class action *Barden v. Western Refining Retail, LLC*, initially filed in the Superior Court of San Bernardino County and now pending in the Central District of California, No. 5:23-cv-01360 MEMF (SKx) ("*Barden*")[2] are substantially similar and how the hardship of continuing the instant case outweighs the significant prejudice to Plaintiff if the proposed stay is granted. (Doc. 21 at 4, 14).

---

[2] As Defendant's motion to stay largely relies on *Gaston* in argument and merely refers to *Barden* as another case that supports a stay under the first-to-file rule without exposition, the Court focuses its analysis here in consideration of *Gaston* in ruling on Defendant's motion to stay. *See* (Doc. 18 at 15, n. 1).

4

Defendant contends in reply that it has demonstrated that the related, earlier-filed litigation supports a stay of the instant case and Plaintiff fails to provide sufficient reason to permit moving this case forward on a parallel track as Plaintiff "is and remains a putative class member in the *Gaston* or *Barden* Actions seeking the exact same relief based on the exact same alleged violations[.]" (Doc. 24 at 11) (emphases omitted).

**IV.     Discussion**

    **A.     Requests for Judicial Notice**

Defendant requests the Court take judicial notice of documents in connection with its pending motion to stay. (Doc. 18-1). Defendant proposes the following documents in its request for judicial notice: (1) the civil complaint in the above-referenced *Gaston* case ("Ex. A") ; (2) a notice of removal filed before the Court on January 31, 2025, in *Gaston* ("Ex. B"); (3) a docket report in *Gaston* that was accessed on August 11, 2025 ("Ex. C"); (4) the civil complaint ("Ex. D") in *Peoples v. Speedway LLC*, No. BCV-25-101008, currently pending in the Superior Court for the County of Kern, which seeks recovery of penalties under the Private Attorney General Act ("PAGA"); (5) the civil complaint in *Gaston v. Western Refining Retail, LLC, et al.*, seeking recovery of penalties under PAGA and currently pending in the Superior Court of Alameda County as No. 25CV113368 ("Ex. E"); (6) the civil complaint ("Ex. F") in the above-referenced putative class action *Barden*, alleging various wage and hour violations; a notice of removal in *Barden* filed on July 12, 2023 ("Ex. G"); and (7) the civil complaint in *Barden v. Western Refining Retail, LLC*, seeking recovery of penalties under PAGA and currently pending in the Superior Court of San Bernardino County as No. CIVSB2311682 ("Ex. H"). *Id.* at 2-3. Defendant asserts its request for judicial notice pursuant to Federal Rules of Evidence 201(b)(2) and 201(c)(2). *Id.* at 3.

Separately, Plaintiff requests the Court take judicial notice of documents filed in support of its opposition to the pending motion to stay. (Doc. 21-1). Plaintiff proposes the Court take judicial notice of a copy of an order regarding an amended joint stipulation to continue class certification and related deadlines filed on July 8, 2025, in the above-referenced *Barden* case currently pending in the U.S. District Court for the Central District of California. *Id.* at 2.

The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). As all the documents both Defendant and Plaintiff proposed for judicial notice are court records, and neither party expressed any opposition to the requests for judicial notice, the Court finds good cause to judicially notice the court records and contents therein. *See* Fed. R. Evid. 201(c) (court "must take judicial notice if a party requests it and the court is supplied with the necessary information."). Therefore, the Court grants both Defendant's and Plaintiff's respective requests for judicial notice.

    **B.**    **First-to-File Rule**

        1.    *Governing Authority*

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). "In applying the first-to-file rule, a court looks to three threshold factors: '(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues.'" *Adoma v. University of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010). "When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.'" *Id.* (citation omitted); *see Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982) (The rule "is a generally recognized doctrine of federal comity[.]"). The first-to-file rule "is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" *Adoma.*, 711 F. Supp. 2d at 1146 (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991)). The rule is "designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016); *Adoma*, 711 F. Supp. 2d at 1146 ("the rule 'serves the purpose of promoting efficiency well and should not be disregarded lightly.'") (citation omitted).

///

///

2.     *Discussion*

Plaintiff argues that the first-to-file rule does not apply here because the *Gaston* putative class action and the instant case are both filed in the same court, whereas application of the first-to-file rule is limited to actions pending in different districts. (Doc. 21 at 7-8). Defendant contends that, to the contrary, the first-to-file rule is not limited to cases filed in different districts, as the purpose of the rule is to promote judicial efficiency, avoid duplicative litigation, and prevent the possibility of conflicting judgments. (Doc. 24 at 3).

Some district courts in California, including another judge of this Court, have applied the first-to-file rule to cases that have been filed in the same district. *See, e.g., Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) ("The first-to-file rule simply requires a chronology of the actions."); *B&G Foods North America, Inc. v. Embry*, No. 2:20-cv-00526-KJM-DB, 2024 WL 1344676, at *1 (E.D. Cal. Mar. 29, 2024) (applying first-to-file rule to cases brought in the Eastern District); *Abrahams v. Hard Drive Productions, Inc.*, No. C–12–01006 JCS, 2012 WL 1945493, at *7 (N.D. Cal. May 30, 2012) (applying first-to-file rule where two cases were initially filed in the Northern District).

Other courts (including two judges of this Court) have ruled that the first-to-file rule inapplicable where two cases are filed in the same district before the same judge. *See, e.g.*, *Carrillo v. Lowe's Home Centers, LLC*, No. 2:24-cv-01215-DAD-SCR, 2025 WL 950324, at *2-3 (E.D. Cal. Mar. 28, 2025) (denying motion to dismiss pursuant to the first-to-file rule where both cases at issue were pending before the same judge); *Bowles v. Leprino Foods Co.*, No. 1:19-cv-00635-AWI-BAM, 2020 WL 3256845, at *3 (E.D. Cal. June 16, 2020) ("[T]he first-to-file rule is inapplicable when the earlier-filed lawsuit is pending in the same district and before the same judge as the instant lawsuit."); *Emergy Inc. v. Better Meat Co.*, No. 2:21-cv-02417-KJM-CKD, 2022 WL 1665221, at *1 (E.D. Cal. May 25, 2022) ("The first-to-file rule does not apply to matters pending before the same judge."); *Johnson v. Cates*, No. 1:23-cv-00437-KES-GSA, 2024 WL 3794170, at *1 (E.D. Cal. Aug. 13, 2024) ("Additionally, the 'concerns justifying the application of the first-to-file rule, particularly those relating to federal comity, do not apply when both cases are pending before the same judge in the same court.'"); *Sheehy v. Santa Clara Valley Transportation Authority*,

7

1    No. 5:14–cv–01325–PSG, 2014 WL 2526968, at *2 (N.D. Cal. June 4, 2014) (declining to apply the first-to-file rule because the judge presides over the two parallel actions at issue) (collecting cases).

The Court further notes that the Ninth Circuit, in an unpublished panel decision, expressly declined to resolve this issue. *See Dolores Press, Inc. v. Robinson*, 766 Fed. Appx. 461, 465-66 (9th Cir. 2019) ("Dolores Press argues that the first-to-file rule is inapplicable when the two actions are filed in the same district. We need not resolve that issue[.]").

Here, the earlier-filed *Gaston* putative class action is filed in the same district as the instant case, albeit before a *different* judge than the undersigned. *Gaston* is currently pending before Chief District Judge Troy L. Nunley and Magistrate Judge Jeremy D. Peterson while the instant case is set before District Judge Jennifer L. Thurston and the undersigned. As it appears from the above-cited authorities that the first-to-file rule does not apply where cases at issue are pending before the *same* judge, the undersigned concludes the first-to-file rule may be applicable here in considering Defendant's motion to stay.

However, because the rule is discretionary, *see Adoma.*, 711 F. Supp. 2d at 1146 (citing *Alltrade, Inc.*, 946 F.2d at 628), given the uncertainty of the rule's applicability where two cases are filed in the same district without further clarification from the Ninth Circuit, the undersigned need not proceed with the first-to-file rule analysis and instead proceeds to consider whether a stay of this action is appropriate under the Court's inherent authority under the standard set forth in *CMAX, Inc.*, as set forth above. *See Pacesetter Systems, Inc.*, 678 F.2d at 95 ("this 'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration."). This approach is consistent with the Court's practice of considering its inherent authority to stay proceedings notwithstanding the applicability or deemed inapplicability of the first-to-file rule. *E.g., Carrillo*, 2025 WL 950324, at *2-3; *Nelson v. Penski Logistics, LLC,* Nos. 2:23-cv-02756-DJC-CSK, 2:24-cv-01944-DJC-CSK, 2024 WL 4931424, at *2-3 (E.D. Cal. Dec. 2, 2024); *Bowles*, 2020 WL 3256845, at *2-3.

///

///

8

**C.    Whether to Stay This Action Pursuant to the Court's Inherent Power**

The Court considers whether a stay of this action is appropriate under the *CMAX, Inc.* three-factor analysis.

*1.    Whether Damage is Likely to Result from Issuing a Stay*

First, the Court weighs the possible damage that may result from granting the stay. *CMAX, Inc.*, 300 F.2d at 268. Defendant contends any possible damage from granting a stay is minimal given Plaintiff's claims, and the claims of the putative class he seeks to represent, are entirely covered by the *Gaston* putative class action. (Doc. 18 at 19). Plaintiff asserts that he and the putative class to be certified would face significant prejudice "if forced to await uncertain developments in *Gaston*" as it would "effectively deprive him and the putative class of their day in court" and *Gaston* has not yet been certified. (Doc. 21 at 12).

The Court does not find Plaintiff's contention that granting a stay of this action "would leave Plaintiff without a forum or remedy" (*id.* at 13) persuasive as the earlier-filed *Gaston* action and the putative class proposed for certification in that case appears to include Plaintiff as a class member. *See* (*Gaston*, Doc. 1-5 at 10, ¶ 27) ("Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members")"); (Doc. 1-2 at 9, ¶ 14 ["Plaintiff brings this action on his own behalf and on behalf of all members of the general public similarly situated, and thus seeks class certification under California Code of Civil Procedure section 382], ¶ 15 ["The proposed class is defined as follows: All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California."], ¶ 20 [Defendants … employed Plaintiff as an hourly-paid, non-exempt employee, from approximately January 2019 to approximately January 2024, in the State of California, County of Kern."]). Plaintiff does not dispute Defendant's assertion that he is a member of the *Gaston* putative class. *See generally* (Doc. 21). Thus, Plaintiff's assertions of prejudice here are unavailing.

9

1    Further, Plaintiff has not shown the stay Defendant seeks is indefinite such that it can show damage is likely to result. The *Gaston* court entered the operative scheduling order on April 4, 2025, and, hence, nonexpert discovery has been open for more than five months and will close in April 2026. *See* (*Gaston*, Doc. 10). *Gaston* has not been stayed and there does not appear to be any impediments to timely litigation of that action in the ordinary course. In short, the Court finds no basis to assess that a stay or proceedings here, in light of the scheduling and procedural posture of *Gaston*, would be anything other than reasonably finite.

In sum, the Court finds the first *CMAX, Inc.* factor weighs in favor of a stay.

*2.    Whether a Party Would Suffer Hardship or Inequity Absent a Stay*

Second, the Court must evaluate "the hardship or inequity which a party may suffer in being required to go forward." *CMAX, Inc.*, 300 F.2d at 268. Defendant contends the hardship or inequity it may suffer if it is required to go forward is significant as Defendant would be forced, at great expense, to undertake duplicative litigation of the same issues and claims here and in the *Gaston* case. (Doc. 18 at 19). Plaintiff contends that Defendant fails to identify any hardship it would face if the action proceeds in parallel with *Gaston* as discovery obligations and litigation costs are part of ordinary litigation and do not constitute "undue hardship." (Doc. 21 at 11).

Here, the Court finds that, in the absence of a stay, the parties may be required to unnecessarily litigate this action in parallel to the *Gaston* action, which likely would result in duplicative, wasted effort of the parties. The Court's resolution of the earlier-filed *Gaston* putative class action will have a direct impact on the instant case as to whether the proposed putative class there may be certified, thereby impacting Plaintiff's putative class claims here. *See, e.g.*, *Grundstrom v. Wilco Life Ins. Co.*, No. 20-cv-03445-MMC, 2023 WL 8429789, at *4 (N.D. Cal. Dec. 4, 2023) ("Wilco does not argue that simply defending the suit constitutes hardship; rather, it argues that both parties, in the absence of a stay, may be required to unnecessarily expend time and resources, particularly if a class is certified. California courts have recognized such 'wasted' effort constitutes hardship under *Landis*"); *Phan v. Transamerica Premier Life Ins. Co.*, No. 20-cv-03665-BLF, 2023 WL 7597464, at *4 (N.D. Cal. Nov. 12, 2023) (finding that without stay "the parties would devote significant resources to litigating a class action only to have their efforts

10

1 potentially rendered moot by a decision in [the related putative class actions]."); *Vance v. Google*
2 *LLC*, No. 20-cv-04696-BLF, 2021 WL 534363, at *5 (N.D. Cal. Feb. 12, 2021) ("Where a denial
3 of stay would cause both parties to incur significant expenses on litigation that may be rendered
4 moot, 'the potential hardship from denying the stay weighs slightly in favor in granting it.'").

Accordingly, the Court finds the second *CMAX, Inc.* factor favors a stay, as there is a tangible risk of inconsistent judgments and duplicative efforts if the action proceeds.

### 3. Whether a Stay Would Promote Judicial Economy

Third, the Court must consider whether a stay will promote "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc.*, 300 F.2d at 268. This third *CMAX, Inc.* factor addresses judicial economy, which "is the primary basis courts consider when ruling on motions to stay." *Vance*, 2021 WL 534363, at *6 (citation omitted).

Defendant contends a stay of this case promotes judicial economy as "[a]llowing multiple parallel suits addressing the same claims and factual questions to proceed simultaneously wastes judicial resources and creates a risk of inconsistent outcomes." (Doc. 18 at 20). The Court agrees. Here, staying the case is in the interest of judicial economy pending the Court's resolution of the earlier-filed *Gaston* putative class action, which includes a proposed class to be certified that would include Plaintiff as a class member and therefore bears upon the instant case and will be "of valuable assistance to the Court" in managing all subsequent proceedings resolving any entitlement by Plaintiff and/or the putative class to relief and the propriety of certifying any class. *See In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1086 (9th Cir. 2024) (affirming stay of class action proceedings in deference to bankruptcy court's "initial determination of identical factual and legal issues [that] could promote efficient adjudication of the claims presented in this action."). The Court therefore finds that consideration of the third *CMAX, Inc.* factor weighs heavily in favor of staying this action.

\*    \*    \*    \*    \*

After balancing the potential harm and prejudice implicated by staying this action against the competing equities of hardship imposed and judicial economy, the Court finds good cause to grant Defendant's motion to stay pending resolution of the earlier-filed putative class action in

11

*Gaston*. To ensure that the stay here is tethered to the progress of the earlier-filed *Gaston* putative class action, the parties here will be ordered to periodically file joint status reports concerning the status of *Gaston*, particularly discussing if and how the factual and legal developments there should impact this case.

## V. Conclusion and Order

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant Western Refining Retail, LLC's motion to stay (Doc. 18) is GRANTED;
2. This action is HEREBY STAYED pending resolution of the earlier-filed *Gaston* putative class action;
3. The parties SHALL FILE a joint report addressing the status of the *Gaston* putative class action 120 days from the entry of this order, and thereafter, every 120 days;
4. The parties SHALL FILE a joint report within 14 days of the resolution of the *Gaston* putative class action, setting forth the parties' positions as to the impact of the resolved case on the instant litigation, whether the stay in this case should be lifted, and the parties' respective positions concerning further scheduling of this case, as necessary; and
5. All other case management dates, conferences, and filing requirements are VACATED.

IT IS SO ORDERED.

Dated:   **September 26, 2025**                   _____
                                                    UNITED STATES MAGISTRATE JUDGE