UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHNATHON PEOPLES, individually and on behalf of members of the general public similarly situated,

Plaintiff,

v.

WESTERN REFINING RETAIL, LLC., *et al.*,

Defendants.

Case No. 1:25-cv-00480-JLT-CDB

ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

(Doc. 37)

On March 19, 2025, Plaintiff Johnathon Peoples ("Plaintiff") filed a class action complaint against Western Refining Retail, LLC ("Western Refining") and Speedway LLC (collectively, "Defendants"), and 5245 Western Refining Retail, LLC in the Kern County Superior Court. (Doc. 1 at 2). Western Refining filed an answer in the state court action; no other Defendant answered or appeared in the state court action. *Id.* at 3. On April 25, 2025, Western Refining removed the action to this Court. (Doc. 1). Speedway LLC answered the complaint on August 21, 2025. (Doc. 20). On September 4, 2025, Plaintiff voluntarily dismissed Defendant 5245 Western Refining Retail, LLC, from this action without prejudice. (Docs. 22, 23).

On October 30, 2026, Plaintiff and Defendants filed an amended joint stipulation of dismissal of this action with prejudice to Plaintiff's individual claims and without prejudice to the class action claims. (Doc. 37).

The notice of dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(ii)

and Plaintiff is entitled to dismiss the individual claims (at least) without court order. In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

In this case, Plaintiff seeks to dismiss his individual claims with prejudice and the claims of the putative class without prejudice. (Doc. 37). No class has been certified in this action nor is there a class proposed to be certified for purposes of any settlement. Because no class has been certified in this case, and because any dismissal would not affect putative class members' possible claims, Rule 23(e) does not mandate either Court approval of the Plaintiff's dismissal of the action or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. App'x 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court …") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

Considering the parties' filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal. This action shall be terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077-78 (9th Cir. 1999).

**Conclusion**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to CLOSE the case and adjust the docket to reflect, pursuant to Rule 41(a)(1)(A)(ii), dismissal with prejudice as to Plaintiff's individual claims and without prejudice as to the claims of the putative class.

IT IS SO ORDERED.

Dated: **November 2, 2026**

UNITED STATES MAGISTRATE JUDGE